IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TRACY JOHNSON, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 26-00016-CV-W-JAM |
| KANSAS CITY PUBLIC SCHOOLS, ) | |
| Defendant. ) | |

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Missouri Kansas City Public Schools' Motion to Dismiss, or in the alternative, Motion for a More Definite Statement, as to Plaintiff Tracy Johnson's Complaint. (Doc. 5) For the reasons stated below the Motion will be granted in part.

### I. FACTS AND BACKGROUND

On November 4, 2025, Plaintiff filed a Petition (the "Complaint") against Defendant in the Circuit Court of Jackson County, Missouri, alleging retaliation and discrimination in violation of state and federal law. (Doc. 1-1, p. 1) The lawsuit was removed to this Court on January 9, 2026. (Doc. 1)

In her Complaint,[1] Plaintiff asserts she filed a charge with the Missouri Commission on Human Rights ("MCHR") on February 10, 2025. (Doc. 1-1) Plaintiff also sets forth five bullet points, four of which contain factual allegations that are operative for the purposes of this Order, and one of which contains allegations related to Plaintiff's attempt to seek counsel. (Doc. 1-1) Plaintiff alleges that she was "initially retaliated against based on [her] race, age, and disability

---

[1] In the Complaint, Plaintiff references a formal complaint that would be filed (Doc. 1-1, p. 1), however, before this Court is the filing at Doc. 1-1 and Plaintiff's Notice of Right to Sue from the MCHR dated August 11, 2025 (Doc. 1-1, p. 4); no charge is included.

when considered a whistleblower for holding Head Start to the Performance Standards." (Doc 1-1, p. 2) Additionally, Plaintiff asserts that she experienced retaliation in that she was unfairly reprimanded, unfairly disciplined, suspended, and harassed by school officials. (Doc 1-1, p. 2) She further alleges that she was forced to retire. (Doc. 1-1, p. 2) After she had completed her paperwork to retire, however, Plaintiff alleges that on October 23, 2025, she was "falsely hotline[d], [and] placed on suspension." (Doc. 1-1, p. 2) Plaintiff details the circumstances of her removal from the building and alleges that a "grandmother who had left her child unattended in the hallway" was not interviewed or hotlined. (Doc. 1-1, p. 2) Plaintiff also alleges that the dates of the most recent "hostile, retaliation and discriminatory practices" were between July 24, 2025, and October 25, 2025, and that prior to this, "it has been since 2017 when [she] was awarded a settlement" as a result of a previous charge against "this same department Head Start." (Doc 1-1, p. 2)

In its Motion to Dismiss and Memorandum in Support, Defendant argues that Plaintiff's Complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) because it does not set forth specific causes of action, fails to otherwise specify what claims are at issue, fails to include related facts, and alleges conduct from October 2025 that has not been administratively exhausted. (Doc. 5) Plaintiff filed a response in opposition (Doc. 8), and Defendant replied (Doc. 14).

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted." *See Ashcroft v. Iqbal,* 556 U.S. 662, 677-87 (2009). To survive a motion to dismiss under rule 12(b)(6), a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*,

2

550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In ruling on a motion to dismiss, this Court "must liberally construe [the] complaint in favor of the plaintiff." *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). In doing so, the Court will "accept as true all of the factual allegations contained in the complaint and review the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 554-55). However, the Court need not accept as true legal conclusions that are couched as factual allegations. *Iqbal*, 556 U.S. at 678.

Additionally, because Plaintiff is proceeding *pro se*, the Court liberally construes Plaintiff's Complaint. *See Topchian v. JPMorgan Chase Bank, N.A.,* 760 F.3d 843, 849 (8th Cir. 2014); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") A *pro se* plaintiff must nonetheless "allege sufficient facts to support the claims advanced." *Sandknop v. Mo. Dep't. of Corr.*, 932 F.3d 739, 741 (8th Cir. 2019). The Court will not "supply additional facts" or "construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (quotation marks and citation omitted).

### III. DISCUSSION

Because Plaintiff references "violation of federal and state laws" as to employment-type claims and has attached an MCHR Notice of Right to Sue, the Court will first address Defendant's argument regarding Plaintiff's failure to exhaust her administrative remedies. To initiate a claim under the Missouri Human Rights Act ("MHRA"), a party must "file an administrative complaint with the MCHR and either adjudicate the claim through the MCHR or obtain a right-to-sue letter."

*Stuart v. Gen. Motors. Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). Exhaustion of administrative remedies under the MHRA requires the plaintiff to "give notice of all claims of discrimination in the administrative complaint." *Id.* (quotation marks and citation omitted). A plaintiff may seek relief for any discrimination that "grows out of or is like or reasonably related to the substance of the administrative charge." *Id.* at 631. In other words, the breadth of a civil suit arising from an MHRA claim is "as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination." *Id.* Similarly, to initiate a federal employment claim under Title VII, a plaintiff must: (1) timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), setting forth the facts and nature of the charge; and (2) receive notice of the right to sue from the EEOC. 42 U.S.C. §§ 2000e-5(b), (c), (e); *see also Stuart*, 217 F.3d at 630.

Plaintiff's Complaint alleges hostile, retaliatory, and discriminatory practices that occurred between July 24, 2025, and October 24, 2025, as well as a specific instance that occurred on October 23, 2025. (Doc. 1-1, p. 2) Defendant argues that the facts alleged establish a failure to exhaust administrative remedies because allegations related to October 2025 occurred months after her August 11, 2025, Notice of Right to Sue. (Doc. 5, p. 2-3) Plaintiff asserts in her opposition that Defendant misunderstood her filing and that any references to events in October 2025 were "solely to explain procedural background," and related to her attempts to seek representation. (Doc. 8, p. 2) It is not clear from the face of the Complaint whether or which of Plaintiff's allegations have been administratively exhausted. At a minimum, Plaintiff has not exhausted administrative remedies as to some allegations. Accordingly, dismissal of any factual allegations that Plaintiff has not administratively exhausted is proper.

With respect to any remaining portions of Plaintiff's Complaint, the limited factual allegations do not provide sufficient detail to allow the Court to assess the plausibility of Plaintiff's claims under Rule 12(b)(6). In her reply, Plaintiff states that she is "willing and able to file an amended complaint that sets forth her claims in a more formal structure." (Doc. 8, p. 3) Plaintiff is proceeding *pro se*, and the Court will grant her leave to file an Amended Complaint.

## IV. CONCLUSION

After careful consideration and for the reasons set forth above, Defendant's Motion to Dismiss (Doc. 5) is granted with respect to any factual allegations that have not been administratively exhausted. No later than March 31, 2026, Plaintiff shall file an Amended Complaint detailing the claim or claims that she asserts have been administratively exhausted, including sufficient factual allegations to support those claims. Accordingly, it is

ORDERED that Defendant's Motion to Dismiss is GRANTED in part, as to any factual allegations that have not been administratively exhausted. It is further

ORDERED that Plaintiff shall file an Amended Complaint no later than March 31, 2026. It is further

ORDERED that the Clerk of the Court is directed to send a copy of this Order to Plaintiff via regular mail and a separate copy by certified mail, return receipt requested.

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE